PER CURIAM.
 

 By Bill of Information, the State charged Willie D. “Calvin” Willis with aggravated criminal damage to property in violation of R.S. 14:55. After trial, the jury returned a verdict of guilty. The judge sentenced the defendant to a term of ten (10) years in the Louisiana State Penitentiary.
 
 [1]
 

 
 *639
 
 The defendant has appealed, relying upon seven bills of exceptions reserved in the trial court. The first two bills raise the identical issues of whether or not the defendant’s motions to quash the petit jury venire and for a change of venue were erroneously overruled as was presented and decided in State v. Curry, 262 La. 280, 263 So.2d 36 (1972). For the reasons there set forth, we find no error.
 

 Bills of exceptions Nos. 3 and 4 attacking the constitutionality of state statute, La.C.Cr.P. Art. 627, and the denial of defendant’s motion for the production and inspection of Grand Jury minutes, respectively, also raise identical issues as were presented and decided in State v. Curry, 262 La. 280, 264 So.2d 583, this day handed ed down. For the reasons there set forth, we likewise find no error.
 

 Bills of exceptions Nos. 5, 6, and 7 were taken by defense counsel to the trial court’s rulings on the challenges for cause of three prospective jurors, Lawrence Rinnicker, Thomas Coleman and N. J. Kendrick, thereby requiring the defense to exercise their peremptory challenges. Lawrence Rinnicker and N. J. Kendrick were challenged for cause by virtue of being hard of hearing. However, the trial court’s determination based upon its own examination, that both Mr. Rinnicker’s and Mr. Kendrick’s hearing was not so impaired as to render them incapable of serving in the case, satisfies this Court that the veniremen were not physically infirm pursuant to La.C.Cr.P. Art. 401(4). State v. Reed, 206 La. 143, 19 So.2d 28 (1944).
 

 In addition, Mr. Kendrick’s participation was challenged because of his ecomonic relationship with various witnesses in the case. Similarly the defense counsel challenged Thomas Coleman because of his role as an insurance salesman to some of the witnesses and victims. In making his argument, the defendant relies particularly on La.C.Cr.P. Art. 797(3) pertaining to the grounds for challenging for cause where the relationship between the juror and the defendant would influence the juror in arriving at a verdict. This court has repeatedly held it is within the sound discretion of the trial judge to determine the competency of a juror and it is only when the exercise of such discretion is arbitrary or unreasonable, to the prejudicial injury of the defendant in obtaining a fair and impartial trial, that this Court would be warranted in setting aside a verdict. We find no abuse of discretion in these instances. La.C.Cr.P. Articles 787, 797. See State v. Square, 257 La. 743, 244 So.2d 200 (1971). These bills are without merit.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 [1]
 

 . The trial judge sentenced defendant to an additional 211 days, but gave Mm credit on the sentence for the 211 days in custody prior to trial.