283 So.2d 470 (1973)
STATE of Louisiana
v.
Donald E. SMITH et al.
No. 53288.
Supreme Court of Louisiana.
August 20, 1973.
*471 Allen J. Bergeron, Jr., Burton & Roberts, J. Clayton Johnson, Nathon S. Fisher, Williams & Fisher, Baton Rouge, for defendants-appellants.
William J. Guste, Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., M. Stephen Roberts, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
On April 26, 1971, an armed robbery occurred at the Holiday Inn North in Baton Rouge, Louisiana. Donald E. Smith, Saul Fonseco and Leoncio Castillo were charged as principals in the commission of that armed robbery and after a trial by jury were found guilty. Defendant Smith was sentenced to the custody of the Department of Corrections for a period of 75 years. Defendants Fonseco and Castillo were each sentenced to the custody of the Department of Corrections for a period of 50 years.
Each of the defendants has appealed his conviction and sentence, relying on bills of exceptions reserved and perfected during the proceedings.

APPELLANT DONALD E. SMITH
Appellant Smith reserved his Bill of Exceptions No. 1 to the denial of a motion to suppress certain exhibits of evidence which the police had seized from his vehicle and another vehicle which had been driven by the other defendants prior to their arrest.
The facts surrounding the search of these vehicles are as follows: Following the armed robbery at the Holiday Inn, a photograph album was found on the premises. From a photograph therein, the victim of the armed robbery was able to identify one of the defendants as a principal in the armed robbery. The other defendants were also identified as guests at the motel at the time of the robbery and in the company of the individual identified by the victim. Thereafter, officers of the Jefferson Parish Police Department were able to *472 locate the defendants at the Candlelight Inn in Jefferson Parish, Louisiana, and also had a description of the two vehicles in their possession. East Baton Rouge Parish authorities were notified, and warrants were issued for their arrest. Smith, Fonseco, and Castillo were subsequently arrested in their motel room in Jefferson Parish. The 1968 Cadillac and 1966 Lincoln that the defendants had been using were seized by the officers at the motel and towed to the Jefferson Parish Auto Pound. Subsequently, while the defendants were in custody, a search warrant authorizing a search of the automobiles was obtained and a search was conducted. The search produced a large amount of evidence, which was introduced at trial. Counsel for defendant Smith contends that this search was illegal.
From the motion to suppress and hearing, we note that the validity of the search warrant authorizing a search of the two vehicles was not attacked or questioned by the defendant. Rather, defense counsel simply cited the cases of Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2002, 29 L.Ed.2d 564, reh. den. 404 U.S. 874, 92 S. Ct. 26, 30 L.Ed.2d 120 (1971) and State v. Wells, 253 La. 925, 221 So.2d 50 (1969) as authority for the proposition that police may not, with knowledge of the existence and identification of a vehicle, delay securing a warrant until after the suspect has been removed and interrogated.
We find the cited cases inapposite, for the reason that in both it was found that the search warrants were invalid. As we have already observed, Smith did not attack the validity of the search warrant here, and its validity was never at issue at the hearing on the motion to suppress.
Defense counsel also contends that the seizure of the vehicles at the motel was invalid because it was effected without a warrant. We disagree. It would certainly have been unreasonable to require the police, after having arrested the defendants, to guard the vehicle at the motel while the search warrant was being secured. Yet, it was necessary to insure that the vehicles were not tampered with or removed while the defendants were in custody. We find that the procedure adopted here by the police, i. e., impounding the vehicles and then obtaining a search warrant, was reasonable and did not violate the defendant's constitutional rights guaranteed by the Fourth Amendment. At the time the vehicles were impounded, one of the defendants had been positively identified as a principal in an armed robbery in which three individuals were involved and the others had been identified as being guests with him at the motel where the armed robbery took place. The officers had probable cause to believe that evidence of the commission of the armed robbery was to be found within the vehicles. All defendants were under arrest and transported elsewhere at the time the vehicles were seized. The officers had only two alternatives, i. e., to leave someone with the vehicles to watch them or to take the vehicles into their custody. They violated no constitutional rights when they chose to take custody of the vehicles. Accordingly, this bill of exceptions is without merit.
Bill of Exceptions No. 6 reserved by Defendant Smith complains of the denial of a second motion to suppress filed during the trial, after the jury had been selected. The motion alleged that since the filing of the first motion, information had been obtained by defense counsel that a search of the defendants' vehicles had been conducted prior to their obtaining the search warrant.
We find that the trial judge did not abuse his discretion in denying this untimely motion to suppress. Article 703 of the Louisiana Code of Criminal Procedure requires that a motion to suppress be filed at least three judicial days before the commencement of the trial on the merits, unless the opportunity did not exist or the defendant was not aware of the grounds for the motion. The second motion to suppress filed by defendant on the day of trial *473 was untimely and was properly denied by the trial court. See State v. Wallace, 254 La. 477, 224 So.2d 461 (1969). Our examination of the hearing on the first motion reveals that defense counsel unsuccessfully attempted to establish that a search of the vehicles was conducted prior to the issuance of the search warrant. Upon the filing of the second motion, defense counsel offered no new evidence and did not allege in his motion the discovery of any new evidence that would support his assertion that a prior search had been made. Under these circumstances, the trial judge did not abuse his discretion in denying a hearing on the motion to suppress. This bill is without merit.
Bills of Exceptions Nos. 2, 3, 4 and 5 reserved by defendant Smith object to rulings of the trial court during the voir dire examination of prospective jurors.
Bill of Exceptions No. 2 was reserved to the trial court's denial of defendant Smith's challenge for cause of five prospective jurors. Smith's counsel had inquired of the jurors:
"... Do you approve or disapprove of demonstrations and civil disturbances as a manner of persons securing rights to which they are legally entitled."
Five of the veniremen responded that they disapproved of civil disturbances, whereupon counsel for defendant Smith challenged them for cause. The trial judge denied the challenge.
We note at the outset that defense counsel has not alleged in his bill of exceptions or brief that he exhausted his peremptory challenges in the selection of the jury. Under Article 800, LSA-C.Cr.P., in order to complain of a ruling denying a challenge for cause, it is essential that the defendant exhaust his peremptory challenges. However, even assuming that this were the case here, we find that the trial court did not abuse its discretion in denying the challenge. The question of approval or disapproval of civil disturbances was irrelevant to any of the issues in the case. This bill of exceptions is without merit.
Bill of Exceptions No. 3 was reserved when the court refused to allow defense counsel to ask the question referred to in Bill of Exceptions No. 2 above. In brief, defense counsel states that his motive for this line of questioning was to determine whether the veniremen were prejudiced as to any minority or ethnic groups. However, immediately following the ruling denying defense counsel the right to inquire into the question concerning civil disturbances, defense counsel was specifically allowed the right to inquire of the veniremen as to their prejudices concerning minority or ethnic groups. We find that the original question propounded was irrelevant and defense counsel had the opportunity thereafter to establish the existence of any prejudice towards minority or ethnic groups. Defendant has made no showing that the trial judge erred or abused his discretion in this regard. State v. Willis, 262 La. 636, 264 So.2d 590 (1972). This bill is without merit.
Bill of Exceptions Nos. 4 and 5 were reserved when the trial court allowed the state to challenge for cause two prospective jurors. The two veniremen had indicated that the maximum ninety-nine year sentence for armed robbery could affect their ability to be impartial in this case because they thought it was harsh.
We find that this situation is different from that presented to the United States Supreme Court in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L. Ed.2d 776 (1968). In that case the court held that in a capital case where an unqualified verdict of guilty was rendered (requiring a death sentence) and the state had been allowed to exclude from the jury all veniremen who had conscientious scruples against capital punishment, that the jury obtained thereby was prejudiced on the question of punishment. In the instant case, the veniremen indicated that they had reservations about their ability to render *474 an impartial verdict, because the maximum sentence was too harsh. Although defense counsel was given the opportunity to establish that the veniremen could render an impartial verdict in spite of their reservations, he made no attempt to do so. Thus, it was proper for the trial judge to allow the challenge for cause.
These bills are without merit.
Bills of Exceptions Nos. 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 were all reserved when the trial judge allowed into evidence, the items which had been found in the two vehicles in the possession of the defendants. The objection to the introduction of these items was that they were irrelevant.
We find that many of these items were relevant and tended to prove that all of the defendants were together during the commission of the robbery. The vehicles had been used to transport the fruits of the armed robbery from Baton Rouge to Jefferson Parish. Although many of the items had little probative value as evidence, this provides no sound basis for excluding them on an objection of irrelevancy. State v. Giles, 253 La. 533, 218 So.2d 585 (1969), State v. Stokes, 250 La. 277, 195 So.2d 267 (1967).
These bills are without merit.
Bill of Exceptions No. 18 was reserved by defense counsel when the defendant Smith, over his counsel's objection, volunteered to testify on behalf of the other defendants. His testimony incriminated himself and exculpated the others. Defense counsel contends that Smith should not have been allowed to testify without a showing that his testimony was a voluntary waiver of his right against self-incrimination.
After reading the record we regard this bill as frivolous. It is clear that Smith voluntarily testified. He was advised several times by his counsel that he shouldn't do so and thereafter he stated to the court that he wanted no further advice from his counsel. The trial court advised him that the Fifth Amendment of the United States Constitution would permit him to testify as to the crime involved here and refuse to testify as to other crimes, yet he voluntarily testified as to other crimes which he had perpetrated. It is clear from the record that he voluntarily took the stand in an attempt to exonerate his co-defendants and take the blame for the charged crime.
This bill of exceptions is without merit.

APPELLANT LEONCIO CASTILLO
Defendant-appellant Castillo reserved his Bill of Exceptions No. 1 to the admission into evidence of a photograph of himself. Objection to the introduction of the photograph was made on the ground that no foundation had been laid for its admission into evidence.
We find that ample foundation had been laid for the admission of the photograph. Co-defendant Smith testified that he was acquainted with the photograph, was present when it was made, and that the photograph accurately depicted what it purported to represent. This bill of exceptions is without merit.
Defendant Castillo's Bill of Exceptions No. 2 was reserved after the trial judge denied his motion for severance. The defendant sought to separate his trial from that of his Co-defendant Smith, allegedly because Smith had a lengthy criminal record.
Article 704 of the Louisiana Code of Criminal Procedure provides:
"Jointly indicted defendants shall be tried jointly unless:
"(1) The state elects to try them separately; or
"(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance."
*475 Under this article, the granting of a severance is within the discretion of the trial judge, whose ruling will be disturbed on appeal only when there is a clear abuse of discretion. State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971); State v. Bonner, 252 La. 200, 210 So.2d 319 (1968).
The trial judge, in our opinion, did not abuse his discretion in denying the severance. The defenses were not antagonistic. Actually, defendant Smith took the stand, testified that he alone committed the crime, and attempted to exonerate both co-defendants.
We conclude that the bill of exceptions lacks merit.

APPELLANT SAUL FONSECO
Appellant Fonseco's sole bill of exception was reserved to the denial of a motion for severance of trial from defendant Smith. For the reasons stated in disposition of Castillo's Bill of Exceptions No. 2, this bill is without merit.
For the reasons assigned, the conviction and sentence of each of the defendants is affirmed.
DIXON, J., concurs.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
I dissent from the majority's disposition of Bill of Exceptions No. 1 reserved to the denial of the motion to suppress evidence seized from the defendants' automobiles.
The arrest of the defendants was made in Jefferson Parish at a motel for a crime committed in East Baton Rouge Parish. The defendants were not occupying the vehicles, the vehicles were safely parked at their "domicile", and the arrest was made in a motel room and in no way connected with the automobiles. The seizure of the automobiles was effected without sanction of law, immediately after the defendants' arrest and the vehicles were towed to the police "auto pound".
This seizure and impoundage of the automobiles was not necessary, was not legally sanctioned and, in fact, constituted an invasion of the defendants' constitutional right against unconstitutional seizures. After the seizure and impoundage of the automobiles a search warrant was issued and supposedly the first search of the automobiles was then effected. The fact that a search warrant issued before the automobiles were examined and the articles in the automobiles were seized, is tainted by the original impoundment of the automobiles.
I realize that motor vehicles are treated differently from homes and other immovables, in searching for the constitutionality of a search and seizure. When an automobile is so closely associated with the person it may be said that the automobile is an extension of the person as when an arrest is made while the defendant occupies the automobile. However, an automobile disassociated with an arrest which is safely secured at one's domicile in a driveway or other parking place cannot be searched, seized or impounded unless specifically constitutionally or statutorily sanctioned. It cannot be impounded for the purpose of holding it until a search warrant can issue.
The majority errs in stating that the police had the alternative to actual impoundage of constructive impoundage by remaining at the motel in order to keep the automobiles immobile and to keep other people from entering the automobiles or moving them. If this were true, there would be no reason why police could not similarly impound a house which is the residence of the defendant, refusing to allow any one to leave or to enter until they could obtain a search warrant. Constitutional provisions against illegal seizures applied to these automobiles at the original seizure and made unconstitutional the search of the automobiles under the warrant which was later obtained and the ensuing seizures.
I must also dissent from the majority's opinion as to Bills of Exceptions Nos. 4 *476 and 5. We have repeatedly said that penalty is not a question for the jury. I have disagreed with many of the holdings in this regard but it is the majority view of this Court as well as the majority view of the other states. See State v. Harris, 258 La. 720, 247 So.2d 847 (1971) and my dissent therein. Cf. discussion of Bill of Exceptions No. 2 in State v. Drumgo and Curtis, on our docket this day, La., 283 So.2d 463.
The Court has allowed to be challenged for cause two veniremen who indicated a maximum sentence might be too harsh and would affect their ability to be impartial jurors. The Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) rule was the statutory rule of this state and mandated challenge for cause of those who had conscientious scruples against the death penalty. No such statutory scheme exists as to other penalties. The rule of the majority would permit examination of prospective jurors and require challenge for cause to be granted in every case where a prospective juror felt the maximum sentence to be too harsh.
I respectfully dissent.