403 So.2d 680 (1981)
STATE of Louisiana
v.
Archie FRANCIS.
No. 80-KA-2912.
Supreme Court of Louisiana.
September 8, 1981.
*681 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Michael Harson, Byron Legendre, Asst. Dist. Attys., for plaintiff-appellee.
Fredric G. Hayes, William Burris, Lafayette, for defendant-appellant.
DIXON, Chief Justice.[*]
Defendant was arrested on May 15, 1979 and charged with the fatal shooting of two men on April 8, 1979 at the Tip Top Club in Broussard, Louisiana. He was convicted of two counts of first degree murder (R.S. 14:30) and sentenced to life imprisonment on each count. He appeals, relying on three assignments of error. We find that the *682 assignments lack merit and affirm the convictions and sentences.
Defendant first claims that the court wrongfully allowed the prosecutor to exclude prospective jurors on the basis of race, denying him his right to a trial by a jury representative of his community. Defendant presents no evidence to substantiate this allegation. This court has repeatedly held that a defendant is not denied equal protection when the state uses peremptory challenges to exclude blacks unless there is systematic exclusion over a period of time. The defendant bears the burden of making a prima facie showing of such exclusion; once he does so, the state must show that there was no discrimination. State v. Washington, 375 So.2d 1162 (La. 1979); State v. Bias, 354 So.2d 1330 (La. 1978). This position accords with Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), in which the United States Supreme Court held that a showing by the defense that preemptory challenges were used to exclude members of a minority in a particular case was not sufficient to establish a violation of the Fourteenth Amendment's Equal Protection Clause. To present a constitutional question, the defendant must show systematic exclusion of the minority by the state over a period of time through the use of peremptory challenges. The record must show "with [some] acceptable degree of clarity ... when, how often, and under what circumstances the prosecutor alone has been responsible for striking [the minority]." 380 U.S. at 224, 85 S.Ct. at 838, 13 L.Ed.2d at 775.
In State v. Washington, supra, and State v. Brown, 371 So.2d 751 (La.1979), we found objective evidence of systematic exclusion of blacks through the use of peremptory challenges by the prosecutor over an extended period of time. However, the record in this case does not reveal any other instances of exclusion by this prosecutor. The state points out that this is the first trial conducted by this prosecutor. Defendant has not established that there was discrimination in this particular case, as it is not clear from the record that there were no black persons sworn.
Defendant also claims that he was denied a trial by a representative jury because the court excused for cause jurors who stated that they were opposed to the death penalty. Since the jury did not recommend and the court did not impose the death penalty, the defendant cannot validly claim that the jury selection procedure operated to his prejudice. State v. George, 371 So.2d 762 (La.1979); State v. Drew, 360 So.2d 500 (La.1978). A review of the voir dire examination shows that every juror who indicated that he had religious or conscientious scruples against the death penalty was asked if he would automatically vote against the imposition of capital punishment without regard to any evidence that might be presented at trial. Those jurors who responded positively to this question were excused by the court. This procedure conforms to the guidelines set out in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) and C.Cr.P. 798. In Witherspoon, the United States Supreme Court held that a defendant sentenced to death would be deprived of his life without due process of law "if the jury that imposed or recommended [the death sentence] was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction." 391 U.S. at 522, 88 S.Ct. at 1777, 20 L.Ed.2d at 785. However, the court found no constitutional bar to excluding jurors who stated in advance of trial that they could not even consider returning a verdict of death.
Finally, defendant claims that the court erred in allowing a juror to serve who stated that he was hard of hearing, had difficulty with the English language, and had heard about the shooting from his son. C.Cr.P. 797 allows either the defendant or the state to challenge a juror for cause on the ground that he lacks a qualification required by law, or that he is not impartial. C.Cr.P. 401 states that jurors must be able to read, write and speak English and be free of mental or physical incapacity. The *683 challenged juror in this case stated that he was hard of hearing and that his hearing problem might prevent him from hearing all the testimony. He added that he could hardly speak in English and might not be able to understand everything said at trial. The trial judge, who saw and heard the juror answer questions on voir dire, did not think the juror's hearing or language problems were so severe as to render him incapable of serving on the jury. Furthermore, defendant did not object to his selection on this basis at the voir dire. Defendant based his challenge for cause solely on the ground that the juror had been given personal knowledge of the case by a witness. However, upon examination, the juror said only that his son was at the club where there was a shooting in which two people were killed, and stated, "That's all I know about it." He specifically stated that he had not formed any opinion as to who was responsible for the shooting and that he could listen open-mindedly to the evidence presented at trial.
We find nothing in the record to indicate that this juror could not be impartial. We also accept the trial judge's determination that the juror's communications problems were not so severe as to render him incapable of serving as a juror. The trial judge has wide discretion in ruling on challenges for cause, and his determinations will not be set aside on appeal, absent a clear showing of error. State v. Jones, 315 So.2d 650 (La.1975); State v. Willis, 262 La. 636, 264 So.2d 590 (1972). The record in this case reveals no deficiency in the voir dire proceeding.
There is no merit in these assignments.
The conviction and sentence are affirmed.
NOTES
[*] Judges J. Burton Foret, Jimmy M. Stoker and P. J. Laborde, Jr., of the Third Circuit participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.