449 So.2d 2 (1984)
STATE of Louisiana
v.
Cheryl BERIDON.
No. 83 KA 0209.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Rehearing Denied April 3, 1984.
Writ Denied June 15, 1984.
*3 Edward James Gaidry, Houma, for appellee.
Warren J. Daigle, Indigent Defender's Office, Houma, for appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
Defendant, Cheryl Beridon, was charged by grand jury indictment with the unlawful distribution of heroin, in violation of La. R.S. 40:966 A(1). Defendant pled not guilty and, after a trial by jury, was found guilty as charged. The trial court imposed the mandatory life sentence.
On the evening of August 8, 1977, the district attorney for the Thirty-Second Judicial District, Norval Rhodes, and his chief investigator A.J. Dagate, received word from an informant, Lynn Blanchard, that *4 the defendant had offered to sell her some heroin. Ms. Blanchard was given money so that she might make the transaction. The District Attorney and his investigator followed Ms. Blanchard to the Sugar Bowl Motel where she made contact with the defendant. She entered defendant's room for a moment, and then they both proceeded in Ms. Blanchard's car to the Paradise Lounge. Defendant entered the lounge while Ms. Blanchard waited in her car. After about fifteen minutes defendant returned; and the two drove back to the motel where Ms. Blanchard dropped off defendant. The District Attorney and his investigator met with Ms. Blanchard a few minutes later and she gave them several small packets of heroin which she had bought from defendant.
Defendant assigned 17 errors, but only briefed 9 assignments of error. Those assignments of error not briefed are considered abandoned. Rule 2-12.4, Uniform RulesCourts of Appeal.

ASSIGNMENTS OF ERROR NUMBERS 1, 2, 3 AND 5
In these assignments of error, defendant alleges that the trial court erred in allowing the State to use its peremptory challenges in a discriminatory manner in order to exclude blacks from the jury, thereby violating her right to be judged by a jury representative of the community.
During the voir dire, the State elected to use eight of its twelve peremptory challenges. After each of five of the challenges made, the defense counsel objected on the basis that the State had peremptorily challenged those individuals solely because they were black. Following each objection, the prosecutor chose to explain why he had elected to peremptorily challenge them.
The State asserts that defendant's allegations are specious. The State claims that it had adequate reasons to challenge each of the individuals in question and indeed, provided that reason to the court. The State also points out that there was one black who did serve on the jury.
We note that the State's use of peremptory challenges against blacks does not deny a defendant equal protection unless there is a systematic exclusion of blacks over a period of time. State v. Smith, 430 So.2d 31 (La.1983); State v. Perry, 420 So.2d 139 (La.1982). The defendant has the burden of establishing a prima facie case of such exclusion. State v. Smith, supra.
Here, defendant urges that because the district attorney recused himself from this case and a prosecutor was specially appointed, it is impossible for her to show a history of systematic exclusion. However, we believe that even if we did not hold defendant to this difficult standard because of the special circumstances herein, and looked at this case alone, we still do not think she has shown an attempt by the State to keep blacks from serving on this jury. See State v. Francis, 403 So.2d 680 (La.1981).
In each instance when defendant objected to the State's use of a peremptory challenge on a black, the State chose to give an explanation of why a challenge was so used, though the State is not required to do so. We find the State's reasons for exercising its challenges to be sound.
In one instance, the State felt the juror had been inattentive during questioning. In another, the prospective juror stated he felt he had formed an opinion about the case and thought defendant probably was not guilty. The other prospective jurors were apparently challenged because they knew the defendant. We are not convinced that there was an invidious attempt by the State to exclude blacks from the jury, especially since there was one black member.
Accordingly, we find these assignments of error lack merit.

ASSIGNMENT OF ERROR NUMBER 4
In this assignment, defendant urges the trial court erred by denying her motion for a mistrial on the basis that one of the *5 jurors violated the sequestration rule of the trial court.
Although this was not a capital case, the trial court elected to sequester the jury after each juror was sworn, as provided for in La.Code Crim.P. art. 791. The incident at issue occurred after about one-third of the jury had been chosen. Shortly after Mr. Hugh was sworn as a juror and placed under sequestration, he was seen leaving the building. When he was brought before the trial court, Mr. Hugh explained that he was trying to get his daughter home. He was admonished by the trial court and told to rejoin the other jurors. The defense attorney then moved for a mistrial claiming Mr. Hugh had violated the sequestration rule. After some discussion, the trial court denied the motion and proceeded with the trial.
The purpose of La.Code Crim.P. art. 791 is to protect jurors from outside communications which might influence them to base their verdict on something other than the evidence introduced at the trial. Reversal is required when an outside communication occurs which is prejudicial to the accused. State v. Palrean, 395 So.2d 687 (La.1981). Where circumstances indicate, however, that no prejudice could have occurred to the accused, the mere separation of a juror briefly may be held to be insufficient grounds to set aside the verdict. In State v. Smith, 322 So.2d 197 (La.1975), a first degree murder trial, a juror left the other jurors before the rest of the jury had been sworn and returned to his home which was nearby. He testified in a motion for new trial that he did not discuss the case with anyone. There the court refused to set aside the verdict because it found no possible prejudice to the defendant.
In the instant case we do not believe that Mr. Hugh did anything which violated the purpose of the sequestration order. There is adequate evidence that Mr. Hugh only wanted to make sure his daughter got home. He was apparently only gone a very brief period of time. There was no indication that the juror spoke to anyone about the case so as to prejudice the defendant.
Accordingly, we find this assignment of error without merit.

ASSIGNMENTS OF ERROR NUMBERS 6 AND 7
Defendant contends that the trial court erred in allowing Ms. Grace Johansen of the Louisiana State Police Crime Laboratory to testify as an expert in the analysis of heroin. She argues that Ms. Johansen did not possess enough expertise or educational credentials to be qualified as an expert.
La.R.S. 15:466 provides that before any witness can give evidence as an expert his competency to so testify must be established to the satisfaction of the court. The competence of an expert witness is a question of fact to be determined by the trial court, State v. Parkerson, 415 So.2d 187 (La.1982), and the trial court is vested with wide discretion in its determination. State v. Boyer, 406 So.2d 143 (La.1981). Such discretion will not be disturbed on appeal in the absence of a clear showing of abuse. State v. Chapman, 410 So.2d 689 (La.1981), remanded for rehearing on other grounds.
We have reviewed Ms. Johansen's qualifications and we are convinced that the trial court did not abuse its wide discretion. Ms. Johansen has a degree in chemistry and has attended various schools and seminars given by the Federal Bureau of Investigation and the Drug Enforcement Administration. She is also a member of several professional societies. Ms. Johansen testified that she had worked on approximately 100-150 cases and had been qualified as an expert many times before.
We see no abuse of discretion by the trial court. Accordingly, we find that these assignments lack merit.

ASSIGNMENT OF ERROR NUMBER 10
In assignment of error number 10, defendant urges that the trial court was in error in allowing into evidence an inculpatory *6 statement made by defendant to Lynn Blanchard, the police informer. Ms. Blanchard testified that the defendant called her on the phone and asked her if she wanted to buy some heroin. The defense counsel objected on the basis that prior to its opening statement the State failed to give defendant written notice of its intent to use an inculpatory statement made by defendant, as mandated in La. Code Crim.P. art. 768.
The State asserts, and we agree, that the 768 notice applies only to statements made by defendant after the commission of the crime. See State v. Quimby, 419 So.2d 951 (La.1982). In State v. Lewis, 416 So.2d 921 (La.1982), the court held that the 768 notice was not applicable to an inculpatory statement made by defendant one hour before the crimes took place.
We believe that in the instant case, more than one hour transpired between the time the inculpatory statement was made and the time the crime was committed. Ms. Blanchard testified that defendant called her at eight o'clock at night and made the statement at issue. At 8:30, she met with Mr. Dagate, the district attorney's chief investigator. At that time, Mr. Dagate searched her and her car and gave her the money to buy the heroin. Ms. Blanchard then proceeded to the motel to meet defendant, followed by Mr. Dagate. However, her first attempt to meet with the defendant failed; and Mr. Dagate told her not to proceed with the plans. Ms. Blanchard testified:
"I called Mr. Rhodes [the district attorney] again at his house and explained to him what had happened and what should I do. And after I called Mr. Rhodes, I also called Cheryl [defendant] and told her that I had gone by but I saw someone outside that looked suspicious to me; that I thought they might possibly be police or whatever, and I told her that I had changed my mind, that it really looked too suspicious. I told her I would call her back if I decided to go back. Then, we went to Mr. Rhodes house. Mr. Dagate followed me to Mr. Rhodes' house.... When we got to Mr. Rhodes' house, I called Cheryl again and told her that I would be there within the half hour."
It is obvious from Ms. Blanchard's testimony that quite a bit of time transpired between the time defendant called her and when she finally made contact with defendant to make the sale. Accordingly, we do not believe that a 768 notice was necessary for the introduction of the statement at issue. Therefore, we find this assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 15
In this assignment of error, defendant alleges that the trial court erred in failing to grant defendant's motion for a new trial. Defendant asserts that a new trial is warranted because (1) the verdict is contrary to the law and evidence and (2) several of the trial court's rulings on objections during the trial showed prejudicial error.
When reviewing a denial of a motion for new trial based on allegations that the verdict is contrary to the law and evidence, we look to the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court is required to consider the evidence in the light most favorable to the prosecution and determine whether any rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Washington, 421 So.2d 887 (La.1982).
The statute under which defendant was charged, La.R.S. 40:966, reads in part as follows:
"A. Manufacture; Distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I; ...".
Heroin is listed in Schedule I.
*7 After reviewing the evidence herein, as set forth above, we are strongly convinced of defendant's guilt. There is the testimony of Lynn Blanchard which is further corroborated by the district attorney and his chief investigator. We can easily understand why a jury or finder of fact could have found the essential elements of the crime, beyond a reasonable doubt.
In the second part of defendant's motion for a new trial, she asserts that five of the trial court's rulings on objections during the trial showed prejudicial error. Three of those objections have already been addressed in previous assignments of error. The defendant asserts that the trial court erred in (1) allowing the State to use its peremptory challenges to disqualify all but one black juror; (2) in allowing into evidence an inculpatory statement made by defendant when the State failed to give notice of its intent to do so, in accordance with La.Code Crim.P. art. 768; and (3) in failing to grant the defendant's motion for a mistrial when a juror who had been sworn violated the trial court's order of sequestration. We have already addressed these issues in assignments of error number 1-3 & 5, and 10, and 4, respectively. We found no merit in defendant's assertions regarding those issues and see no reason to reiterate our findings here.
Defendant also alleges, in the second portion of her motion for a new trial, that the trial court failed to rule on defendant's motion for a change of venue. We note from a review of the minutes that on December 12, 1978, defendant withdrew her motion for a change of venue after a two-day hearing on the matter and, it appears from the record, never reurged the motion. Therefore, we find this issue lacking merit.
Finally, defendant asserts that the State failed to establish that defendant was not licensed to distribute heroin and therefore might be an authorized exception to La.R.S. 40:966. We note, however, that under the provisions of La.R.S. 40:990, the State does not have this burden. La.R.S. 40:990 in part provides:
"A. It shall not be necessary for the state to negate any exemption or exception set forth in this part in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this part, and the burden of proof of any such exemption or exception shall be upon the person claiming its benefit."
Defendant, herein, did not make such a showing and therefore, we presume it is unlawful for her to distribute heroin.
We find the trial court's rulings on the objections noted herein to be sound. We also find sufficient evidence to support the trier of fact's conclusions.
Accordingly, we find this assignment of error lacking merit.
Therefore, for the above and foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.