JASPER E. JONES, Judge.
The defendant, Oliver King, Jr., was charged by an amended bill of information with attempted second degree murder and armed robbery in violation of LSA-R.S. 14:27, 14:30.1 and 14:64. A twelve member jury unanimously found defendant guilty on both charges. The defendant received concurrent sentences of 75 years at hard labor without benefit of parole, probation or suspension of sentence on the charge of armed robbery and 50 years at hard labor on the charge of attempted second degree murder. Defendant appeals with four assignments of error.

Facts

In the early morning hours of May 10, 1984, Judy and John Hardin stopped at Munchie’s convenience store located at the corner of 70th Street and Line Avenue in Shreveport, La. Mr. Hardin went inside the store to purchase some cigarettes ánd Mrs. Hardin remained in the truck which she had been driving. While Mr. Hardin was inside the store, the defendant approached the pickup occupied by Mrs. Hardin and made obscene comments to her. As Mr. Hardin returned, he heard one of the remarks defendant made to Mrs. Hardin, and he asked defendant not to talk to his wife in that manner. The defendant stated “everything was cool” and appeared to turn away. However, the defendant removed some hard object from a cloth “Crown Royal” bag which was in his back pocket and proceeded to hit Mr. Hardin in the head with it.
Mr. Hardin was rendered unconscious by the first two blows from the defendant. He remained unconscious throughout the beating. The defendant continued to beat Mr. Hardin about the head and face and also began to kick him in the chest. Mrs. Hardin then got out of the truck in an effort to help her husband, but defendant produced a knife and told her he was going to cut her up and rape her. Mrs. Hardin retreated into the truck, locked the door, and slid as far as possible to the passenger’s side because the defendant was leaning into the window of the driver’s side and was attempting to stab her with the knife.
After unsuccessfully attempting to stab Mrs. Hardin, defendant returned to Mr. Hardin and continued to beat and kick him about his face and chest. Mrs. Hardin then tried to run over defendant with the truck, but when defendant threatened to stab Mr. Hardin, she terminated her effort. Defendant then drug Mr. Hardin up to the curb and began beating his head against the curb.
Finally, an employee of Munchie’s told the defendant to leave, he had to call the cops because the man was dead. Defendant then took approximately $180.00 in cash out of the pockets of Mr. Hardin and took Mr. Hardin’s gold necklace and fled. The police and an ambulance arrived shortly thereafter and Mr. Hardin was taken to LSU Medical Center where he was found to be in critical condition. Hardin recovered and testified at trial.
Assignment of Error # 2
By this assignment defendant contends the trial court erred in allowing the state to *645 introduce into evidence a Miranda card which reflected the charge of attempted first degree murder.[1] Defendant argues the trial court committed reversible error in allowing the introduction of this card in that it gave the jury the impression that defendant’s offense was much greater than what he was actually charged with and thus prejudiced and impinged upon defendant’s right to a fair and impartial trial guaranteed by Art. I, § 16 of the La. Const, of 1974.
Upon arrest, a defendant is entitled to be advised of his right to remain silent, his right against self incrimination, his right to the assistance of counsel, and if indigent, his right to court appointed counsel. LSA. Const. 1974, Art. I, § 13; LSA-C.Cr.P. art. 218.1. Moreover, before a confession or’ inculpatory statement may be introduced into evidence, the state must prove affirmatively and beyond a reasonable doubt that the statement was free and voluntary and not made under the influence of fear, duress, menaces, threats, inducements, or promises. LSA-Const.1974, Art. I, § 13; LSA.R.S. 15:451; LSA-C.Cr.P. art. 703(D); State v. Vernon, 385 So.2d 200 (La.1980); State v. LeJeune, 352 So.2d 619 (La.1977).
In the instant case, the state introduced an inculpatory statement made by the defendant to Detective Fogger while defendant was being detained in the city jail after his arrest. The admissibility of this statement was determined outside the presence of the jury and the Miranda card reflecting the charge of attempted first degree murder was introduced by the state to show that defendant was given and understood his Miranda rights before he made the inculpatory statement. We note that this inculpatory statement was made by the defendant immediately after he was read and signed the Miranda card reflecting the charge of first degree murder. We conclude the Miranda card was admissible and an essential prerequisite to the introduction of the defendant’s inculpatory statement. LSA-C.Cr.P. art. 703(D); State v. Vernon, supra. In State v. Bray, 292 So.2d 697 (La.1974) the original charge of murder was read to the jury and then this charge was orally amended in the presence of the jury to manslaughter. The court refused to grant a mistrial stating there was no formal amendment to the indictment and a verbal motion to prosecute a lesser included crime made it clear that manslaughter was the basis for defendant’s prosecution. Inherent in this determination was a finding by the court that there was no prejudice to the defendant for the jury which tried him on the charge of manslaughter to be aware that he had earlier been charged with the offense of murder.
Where the facts of the case could have formed a basis for the charge improperly mentioned in front of the jury, the remote, minor prejudice created by this improper reference is removed where the jury is clearly informed that this is not the charge which forms the basis of the prosecution. The facts presented in this case may have supported a charge of attempted first degree murder.
In the instant case, at the commencement of the trial the clerk read to the jury the amended bill of information reflecting the charge of attempted second degree murder and the trial judge instructed the jury extensively on the charges of attempted second degree murder and armed robbery. He set forth the elements of each offense and the responsive verdicts thereto. Any remote prejudice resulting from the introduction of the Miranda card was removed by reading the amended bill of information and by the trial judge’s instructions, which made it clear that attempted second degree murder and armed robbery were the offenses on which defendant was prosecuted. State v. Bray, supra.
This assignment lacks merit.

Assignments of Error #3 & #k

By these assignments defendant contends the trial court erred in refusing to *646 excuse a juror for misconduct and in refusing to examine the issue of juror misconduct in greater depth.
This assignment is based upon the testimony of Mr. Clarkson, a witness, that while in the hall outside the courtroom one of the jurors approached him and commented “that guy stays in trouble.” Mr. Clarkson testified that he did not reply to this comment, but turned and walked away. Defendant bases this error upon LSA-C.Cr.P. art 791.[2] Defendant contends the aforementioned remark was a breach of the jury sequestration requirement resulting in a prejudice to him denying him a fair trial as guaranteed by LSA-Const. 1974, Art. I, § 16. He contends the refusal of the judge to pursue a further investigation left the issue of possible prejudice open.
The trial judge refused to dismiss the juror who allegedly made the remark because the defendant failed to show any prejudice as a result of the statement. There is no showing that information was received by the juror, hence no prejudice could result.
Communications between jurors and a witness in a criminal trial without a showing that the defendant was prejudiced furnishes no ground for upsetting a conviction. State v. Green, 437 So.2d 302 (La. App. 2d Cir.1983), writ den. 443 So.2d 1121 (1984); State v. Palrean, 395 So.2d 687 (La.1981); State v. Beridon, 449 So.2d 2 (La.App. 1st Cir.1984), writ den. 452 So.2d 178 (La.1984). The purpose of LSA-C. Cr.P. art. 791 is to protect jurors from outside communications which might influence them to base their verdict on something other than the evidence introduced at trial. State v. Hunter, 340 So.2d 226 (La.1979). We conclude the trial judge committed no error in refusing to excuse the juror who allegedly made the prejudicial remark because defendant has failed to show that the juror received an outside communication.[3]
Defendant additionally contends the trial judge should have inquired further into the issue of juror misconduct. We do not agree.
A close review of the record reveals the trial judge questioned the juror accused of misconduct to determine if in fact a comment was made. The juror expressly denied making such a remark. Further, Mr. Clarkson testified that he did not convey any information to the juror who made the comment. (Tr. p. 241). We conclude the defendant has failed to establish any prejudice as a result of the alleged juror misconduct and these assignments are therefore, without merit.
Assignment of Error # 7
By this assignment defendant contends the trial court erred in imposing an excessive sentence. Defendant received the maximum penalty of 50 years at hard labor for his conviction of attempted second degree murder. He received 75 years at hard labor without benefit of parole, probation, or suspension of sentence for his conviction of armed robbery. The maximum sentence for armed robbery is 99 years without benefit of parole, probation, or suspension of sentence. The sentences were ordered to run concurrently.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ den., 439 So.2d 1074 (1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. *647 1983); State v. Square, 433 So.2d 104 (La.1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ den., 438 So.2d 1112 (1983).
The sentencing guidelines of LSA-C. Cr.P. art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ den., 435 So.2d 438 (1983); State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in LSA-C. Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, supra; State v. Smith, 433 So.2d 688 (La.1983).
Defendant argues the trial judge failed to comply with LSA-C.Cr.P. art. 894.1 by refusing to take into account any mitigating factors except defendant’s employment at the time of the offense.
In the instant case the trial judge adequately complied with the guidelines set forth in LSA-C.Cr.P. art. 894.1. The record reflects the trial judge considered the seriousness of the offense and defendant’s past record, including defendant’s family ties, age, work record and education. (Tr. pp. 379-381). The trial judge found that a lesser sentence would deprecate the seriousness of the offense and if not incarcerated, defendant would present a clear and present danger to other members of the community. The trial judge found nothing by way of mitigation except the fact that defendant was employed at the time of the incident. The alleged failure of the trial judge to consider mitigating circumstances was the principle basis for the assignment of error on the sentences received. The record reflected no mitigating circumstances of any significance and appellant’s brief points out none.
The present violent offenses and defendant’s prior offenses, which include a 1979 aggravated battery conviction based upon circumstances wherein the defendant shot a young mother under circumstances not totally dissimilar from those of the present case fully support the sentences imposed. They are not out of proportion to the severity of the crimes, nor are they a purposeless and needless imposition of pain and suffering.
This assignment lacks merit.
The defendants convictions and sentences are AFFIRMED.

. There were two of these Miranda cards admitted into evidence containing the complained of charge, but the appellant’s assignment of error refers to only one.

. Art. 791(A) — A jury is sequestered by being kept together in the charge of an officer of the court so as to be secluded from outside communication.

. If a defendant shows an outside communication by a non-juror with a juror during the trial or deliberation about the matter pending before the jury, such communication is deemed presumptively prejudicial and the burden then shifts to the state to overcome the presumption of prejudice. Remmer v. U.S., 350 U.S. 377, 76 S.Ct. 425, 98 L.Ed. 654 (1954).