BARRY, Judge.
The defendant was convicted of attempted second degree murder, La.R.S. 14:27, 14:30.1, and sentenced as a multiple offender to 75 years at hard labor. This court affirmed the conviction but his sentence as a multiple offender was vacated and the case remanded for resentencing. State v. Smith, 477 So.2d 875 (La.App. 4th Cir. 1985). A multiple bill was not refiled and the trial court resentenced him to the maximum of 50 years at hard labor.
The defendant contends his sentence is unconstitutionally harsh and amounts to cruel and unusual punishment. He admits the offense is serious, but argues that imposition of the maximum sentence ignores a prior period of insanity and severe psychological problems.
Initially, a lunacy commission found the defendant insane, but nine months later the same commission determined he knew right from wrong at the time of the crime and was capable to stand trial. On remand the trial judge considered aggravating as well as mitigating factors in compliance with C.Cr.P. Art. 894.1. The court noted that the defendant had been convicted of a felony and a misdemeanor and was released from prison just three months prior to committing the instant crime. The judge stated that the defendant’s criminal record got progressively worse and felt he would commit another serious crime if he was not incarcerated. The judge remarked that the defendant failed to take advantage of opportunities “to amend his ways” and lacks respect for the life and property of others. The court stated the defendant “with premeditated and specific intent did deliberately stab the victim numerous times in such a vicious and aggravated manner as to possibly kill the victim.” He found no mitigating circumstances.
Although a sentence is within the statutory limit, it may be unconstitutionally excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless imposition of pain and suffering. Maximum sentences should be reserved for the egregious violators of the offense. State v. Cann, 471 So.2d 701 (La.1985); State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
The record shows that on August 27, 1982 the defendant approached Fred Spicer and Agnes Beard who were fishing in Sunrise. He struck Spicer on the head with a rock and held a butcher knife to Beard’s throat. The defendant ordered the victims to return to their car and demanded that Spicer drive down the levee while he rode in the back seat with Beard. The defendant stabbed Spicer in the shoulder and both victims fled. The defendant caught up with Spicer and stabbed him several times. While Spicer sought help, the defendant raped Beard.
Considering the violent nature of the crime and the fact that the record reflects no mitigating circumstances, we conclude the defendant’s maximum sentence is not unconstitutionally harsh. State v. King, 478 So.2d 643 (La.App. 2d Cir.1985); writ denied 481 So.2d 1348 (La.1986). His temporary insanity is not a mitigating factor and has no relevance to the sentence.
Defendant’s sentence is affirmed.
AFFIRMED.