STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1188


STATE OF LOUISIANA

VERSUS

JOHN WESLEY BILLIOT


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 07619-11
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

**JIMMIE C. PETERS**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**John F. DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**Fourteenth Judicial District**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    State of Louisiana

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **John Wesley Billiot**

**John Wesley Billiot**
**Louisiana State Penitentiary**
**Camp C, Tiger 4/R**
**Angola, LA 70712**
**IN PROPER PERSON**

**PETERS, J.**

The defendant, John Wesley Billiot, entered a no-contest plea to two counts of armed robbery, violations of La.R.S. 14:64; two counts of aggravated battery, violations of La.R.S. 14:34; and two counts of armed robbery with a firearm, violations of La.R.S. 14:64.3. Thereafter, the trial court sentenced him to serve seventy years at hard labor without benefit of probation, parole, or suspension of sentence on each of the armed-robbery convictions, and ordered that they run concurrent to each other; to serve five years at hard labor on each of the aggravated-battery convictions, and ordered that they run concurrent to each other and to the armed robbery convictions; and to serve five years at hard labor without benefit of probation, parole, or suspension of sentence on each of the armed-robbery-with-a-firearm convictions, and ordered that they run concurrent to each other, but consecutive to the armed-robbery sentences. After the trial court rejected his motion to reconsider the sentences, the defendant appealed. For the following reasons, we affirm the convictions and sentences in all respects.

### DISCUSSION OF THE RECORD

The matter before us is a companion case to two other appeals now before us involving basically the same issues. However, the appeals are not consolidated as they each arise from different criminal acts. The connecting link is the fact that the three pleas arise from the same plea negotiations with the State of Louisiana (state).

On March 11, 2011, the state charged the defendant by grand jury indictment with the offenses set forth above, and the defendant entered not-guilty pleas to all of the offenses on April 18, 2011. On January 28, 2013, he entered a no-contest plea to all of the charges, and, on April 24, 2013, the trial court sentenced the defendant. On that same day, the trial court sentenced the defendant

on two other felonies to which he had previously entered no-contest pleas: aggravated battery, a violation of La.R.S. 14:34; and obscenity, a violation of La.R.S. 14:106.

At the time the defendant entered his plea of no contest to the offenses before us in this appeal, the state provided the trial court with the factual basis in support of the charges. This factual basis established that on January 3, 2011, the defendant and other individuals lured C.L. Hyatt and Dalton K. Hyatt to a field in rural Calcasieu Parish where the two victims were forced at gunpoint to exit the vehicle in which they were riding, strip down to their boxer shorts, and get on their knees. The victims were then kicked, stomped, and struck by an aluminum baseball bats numerous times. The defendant had possession of the gun used and held the victims at gunpoint. At one point, when they tried to flee the scene, he fired the weapon in the air and ordered them to stop. C.L. Hyatt sustained elbow lacerations and other injuries including lumbar and back injuries. Dalton K. Hyatt sustained abdominal contusions, abrasions on his face and forearms, and a cut on his forearm so deep that it exposed the bone. The defendant and the other assailants took the victims' clothes, cellular telephones, and other personal property as they fled the scene. After the defendant and the other assailants left the scene, the victims walked to a local residence where they received assistance. They were ultimately carried by ambulance to a local hospital.

On appeal, the defendant asserts (1) that his sentence violates the terms of his plea agreement, and that either the plea agreement should be enforced or he should be allowed to withdraw his no-contest plea; (2) that the trial court erred in failing to rule on his pro se motion to withdraw his plea; and (3) that the seventy-year sentence is unduly harsh.

2

### *Assignment of Error Numbers One and Two*

As previously stated, on the same day the defendant entered his no-contest plea to the charge in this matter, he did so in two other pending matters involving an additional two felony counts. The end result of his pleas from a sentencing standpoint is as follows:

Trial Court Docket Number 07597-11

Aggravated battery – ten years at hard labor to run consecutive to all of the other sentences. (The state had recommended a ten year hard labor sentence to run concurrent to the other sentences).

This offense was committed on January 15, 2011, and involves a victim different from any of the victims in the current matter.

Trial Court Docket Number 07619-11 (the matter now before us)

Armed robbery (two counts) – seventy years at hard labor on each count to run concurrently to each other and to be served without the benefit of parole, probation, or suspension of sentence. (The state had recommended fifteen years at hard labor without benefit of parole, probation, or suspension of sentence on each count to run concurrent to the other sentences).

Armed robbery with a firearm (two counts) – five years at hard labor to run concurrently with each other, but consecutively with the armed robbery sentences, and to be served without the benefit of parole, probation, or suspension of sentence. (The state had recommended five years at hard labor without benefit of parole, probation, or suspension of sentence on each count to run consecutive to the armed robbery sentences).

Aggravated battery (two counts) – five years at hard labor to run concurrently with each other and concurrently with the two armed robbery counts and the two armed robbery with a firearm counts. (The state had recommended ten years at hard labor on each count to run concurrent with the other sentences).

Trial Court Docket Number 35370-11

Obscenity – three years at hard labor to run consecutively with the other sentences and a fine of $2,500.00. (The state had recommended three years at hard labor to run concurrent with the other sentences). The defendant was originally charged with two counts of forcible rape, violations of La.R.S. 14:42.1; and four counts of tattooing and

3

body piercing a minor without consent, violations of La.R.S. 14:93.2. The offenses occurred between November 1, 2010 and January 31, 2011, and involved a single victim, who was thirteen years of age at the time of the offenses.

Additionally, as part of the plea agreement, the state agreed not to pursue the defendant as a habitual offender and to recommend that he receive a combined maximum sentence of twenty-five years at hard labor without the benefit of probation, parole, or suspension of sentence for all of the convictions in the three docket numbers. At the hearing in which the defendant entered his plea, the state made the recommendations to the trial court as promised.

In this first assignment of error, the defendant asserts that despite the plea agreement, his pleas subjected him to sentences totaling eighty-eight years at hard labor instead of twenty-five years. In the second assignment of error, he asserts that the trial court erred in failing to rule on his pro se motion to withdraw his plea. We considered these same assignments of error in the companion cases and have rendered an opinion this day finding no merit in either of those arguments. *State v. Billiott*, 13-1187 (La.App. 3 Cir. __/__/14), __ So.3d __; *State v. Billiott*, 13-1189 (La.App. 3 Cir. __/__/14), __ So.3d __. We adopt the analysis set forth in that opinion as though set forth herein in full and, for those reasons, find no merit in the first two assignments of error.

### *Assignment of Error Number Three*

In his third assignment of error, the defendant asserts that the concurrent seventy-year hard-labor sentences are unduly harsh. We find no merit in this assignment of error.

Louisiana Revised Statutes 14:64(B) provide that "[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years

and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence." Additionally, La.R.S. 14:64.3(A) provides:

> When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

Finally, La.R.S. 14:34(B) provides in pertinent part that "[w]hoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both." Thus, all of the sentences imposed are within the statutory limits.

The law is well settled concerning the standard to be used in reviewing excessive-sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99–192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00–0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95–2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43 (alteration in original), *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

Even when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive. In determining whether a sentence shocks the

sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

In *State v. Thomas*, 98-1144 (La. 10/9/98), 719 So.2d 49, the supreme court stated that a sentencing range of thirty-five to fifty years is acceptable for first felony offenders convicted of armed robbery.

We previously quoted the pertinent language in the trial court's reasons for sentencing the defendant in *Billiott*, __ So.3d at __, and adopt the complete, thoughtful, and accurate analysis set forth in that opinion as though set forth herein in full. Considering that analysis, and especially the fact that the trial court noted that the defendant was a third-felony offender, we do not find that the trial court imposed excessive sentences. *See generally, State v. Douglas*, 389 So.2d 1263 (La.1980); *State v. Lagarde*, 07-123 (La.App. 5 Cir. 5/29/07), 960 So.2d 1105, *writ denied*, 07-1650 (La. 5/9/08), 980 So.2d 684; *State v. Jackson*, 04-1388 (La.App. 5 Cir. 5/31/05), 904 So.2d 907, *writ denied*, 05-1740 (La. 2/10/06), 924 So.2d 162; *State v. Wilson*, 452 So.2d 773 (La.App. 4 Cir. 1984); *State v. Weeks*, 449 So.2d

1158 (La.App. 2 Cir. 1984); and *State v. Jack*, 448 So.2d 725 (La.App. 5 Cir. 1984).

## DISPOSITION

For the foregoing reasons, we affirm the defendant's convictions and sentences in all respects.

**AFFIRMED.**