395 So.2d 687 (1981)
STATE of Louisiana
v.
Curtis PALREAN and Terry Palrean.
No. 65784.
Supreme Court of Louisiana.
March 2, 1981.
*688 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John Craft, Brian G. Meissner, Asst. Dist. Attys., for plaintiff-appellee.
William Noland, New Orleans, for defendant-appellant.
LEMMON, Justice.
On appeal from their conviction of attempted armed robbery and sentence as multiple offenders, defendants raise two assignments of error pertaining to their conviction and one pertaining to the habitual offender hearing.

I.
Defendants first complain the trial court erred in not setting aside the jury verdict because a minute clerk communicated with a juror after the court's charge, in violation of C.Cr.P. art. 791's requirement that the jury be secluded from outside communications.
After the guilty verdict was read in open court, defense counsel moved to set aside the verdict because of jury misconduct. The trial judge then questioned the jury and determined that a juror, after all deliberations were completed, knocked on the door and requested information from the minute clerk as to how to complete the verdict form for each particular defendant. The clerk did not tell the juror anything other than the mechanics of writing the verdict (which the jury had already reached) on the paper.
The purpose of C.Cr.P. art. 791 is to protect jurors from outside communications which might influence them to base their verdict on something other than the evidence introduced at the trial. State v. Hunter, 340 So.2d 226 (La.1976). Reversal is required when an outside communication occurs which is prejudicial to the accused. State v. Marchand, 362 So.2d 1090 (La. 1978).
In the Marchand case a jury, which had been deliberating for five hours, was told by the bailiff that defense counsel was responsible for preventing them from obtaining access to defendant's confession which they had requested. The jury returned a guilty verdict 15 minutes later. The court held that the improper communication was clearly prejudicial to the defendant and presumptively influential on the verdict.
The facts in this case are more similar to those in State v. Ahrens, 250 La. 391, 196 So.2d 250 (1967), in which a bailiff, upon request by the jury after the verdict had been reached, obtained information from the judge as to how to fill out the verdict on the bill of information and relayed the information to the jury. The court held that the communication did not subject the jurors to outside influences during their deliberations.
In the present case the jury was not subjected to any communication prejudicial to the defendants. Moreover, because the verdict had been agreed upon prior to the communication, it cannot be said that the communication influenced the verdict.

II.
Defendants next contend that the trial court erred in denying their motion to suppress evidence, confessions and identification. As to this assignment defendants point out that the record does not contain a transcript of the testimony given at the pretrial hearing on their motion, and they argue that without a complete record they are unable to support their assignments of error or their subsequent objections to the *689 introduction of evidence, confessions and identifications at trial.[1]
Although defendants were convicted in May, 1974 and filed their appeal through newly retained counsel the following month, the record on appeal was not filed in this court until October, 1979. Shortly thereafter this court requested the trial court to supplement the record with transcripts of the hearing on the motion to suppress (if any) and with all exhibits introduced at the habitual offender hearing.[2] When the trial court failed to respond to the request, the matter was scheduled for argument on October 14, 1980. Neither side was able to present complete arguments, however, because of the record deficiencies.
On October 20, 1980 this court issued an order to the trial court, directing that the record be supplemented as previously requested within 60 days or that the motion to suppress and habitual offender proceeding be retried. On December 19, 1980 the court reporter of the district court filed a transcript of the testimony from the habitual offender hearing with the clerk of that court, and that transcript (a copy of which was already in the record) was filed in this court in due course. However, the district court has neither furnished the exhibits filed at that hearing and the transcript of the hearing on the motion to suppress nor explained its failure to do so.

III.
As to the assignments pertaining to the motion to suppress, the record lodged in this court does not contain a motion to suppress or a minute entry of a hearing on such a motion. While defendants are entitled under La.Const. art. I, § 19 (1974) to a judicial review based upon a complete record of all evidence upon which the judgment is based, they have the burden to establish that the record on appeal is not complete.
Appellate counsel has not furnished this court with an affidavit of defendants' trial counsel that a motion to suppress was filed and heard, or with file copies of either the motion or the ruling on the motion. In the absence of any suggestion in the record that a motion to suppress was filed or heard, and in the absence of an attempt by present counsel to establish that such a motion was filed and heard, we are simply unable to conclude that defendants have not been accorded their right of judicial review based upon a complete record.[3]

IV.
Finally, defendants contend that the evidence of prior convictions introduced at the *690 habitual offender hearing did not establish that they either were accompanied by counsel or waived their right to counsel in entering guilty pleas. Citing State v. Hoffman, 345 So.2d 1 (La.1977), defendants argue that these prior convictions could not be used to enhance their sentences in this case.[4]
The transcript of the habitual offender hearing establishes that the prosecution filed certified copies of the prior judgments of convictions into the record. However, as noted above, these exhibits are not included in the record on appeal, despite this court's requests and orders. It can only be assumed that the certified copies of the previous convictions either were not originally made part of the record or were subsequently lost. Since defendants are entitled to a right of review based upon a complete record of all evidence upon which the judgment is based, and since the incomplete record does not establish defendants were proved to be habitual offenders, this court has no alternative than to remand for another habitual offender hearing.
Accordingly, the convictions are affirmed, but the sentences as habitual offenders are set aside, and the matter is remanded to the trial court for resentencing after another habitual offender hearing.
NOTES
[1] Since no confession was introduced at trial, defendants' argument in respect to any suppression of confessions is moot.
[2] The assignments of error, filed by appellate counsel for defendants in September, 1978 (after the transcript of testimony had been completed, but long before the record was lodged in this court), listed the errors relative to the motion to suppress and the habitual offender proceeding, as well as those relative to the missing transcripts and exhibits.
[3] We have nevertheless received the record on the search and identification issues. The trial record contains the search warrant and accompanying affidavit. The affidavit asserted that a reliable confidential informant, who had provided information leading to arrests and convictions in the past, stated he had witnessed the crime perpetrated by a Negro male named Curtis or "Poonie", who he knew lived with Anita Bright in the Florida Avenue Housing Project; that the informant had seen the subject flee the scene with a shotgun wrapped in a coat, enter an apartment house in the project, and exit the building about ten minutes later without the gun or the coat; that the informant's description of the subject was identical to that of other witnesses to the crime; and that an inquiry at the project office revealed Anita Bright leased Apartment 3508. Thus, the affidavit established the reliability of the informant and the information, and the warrant was apparently issued upon probable cause properly established.

As to the identification issue, a review of the record does not reveal any suggestiveness used in securing photographic identification of defendants by the victim. Furthermore, the victim's positive and emphatic in-court identification, based on face-to-face observation for several minutes prior to and during the robbery, had a source independent of any pretrial suggestiveness, so that there appears to have been no significant chance of misidentification. State v. Guillot, 353 So.2d 1005 (La.1977).
[4] The Hoffman decision was rendered after the sentencing in this case.