CARTER, Judge.
Ronnie L. Jones was charged by bill of information with the armed robbery of Jeffery Magee, in violation of LSA-R.S. 14:64. Defendant pled not guilty. Following trial by jury, defendant was convicted as charged. Thereafter, the state filed a habitual offender bill. Following a hearing, defendant was adjudicated a second felony habitual offender. The trial court sentenced defendant to a seventy-five year term of imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence.
Defendant brings this appeal, urging four assignments of error:
1. The trial court erred when it allowed the qualification of Mrs. Felter as an expert in the identification of rolled fingerprints.
2. The trial court erred when it allowed the introduction into evidence of State Exhibit one, the Pen-pac.
3. The trial court erred when it adjudicated defendant as a habitual offender.
4. The trial court erred when it imposed an excessive sentence and failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
Assignment of error number one was expressly abandoned by defendant as being without merit.
All of defendant’s briefed assignments of error relate to his adjudication and sentencing as a habitual offender. The transcript of the habitual offender hearing establishes that the prosecution filed certified copies of documentary evidence into the record. However, these exhibits are not included in the record on appeal, despite this Court’s request and order directed to the Clerk of the district court. It can only be assumed that the documents either were not originally made part of the record or were subsequently lost. Since defendant is entitled to judicial review based upon a complete record of all evidence upon which the judgment is based and since the incomplete record does not establish that defendant was proved to be a habitual offender, this Court has no alternative but to remand the matter for another habitual offender hearing. See LSA-Const. art. 1, § 19; State v. Palrean, 395 So.2d 687 (La.1981).
Accordingly, the conviction is affirmed. However, the adjudication and sentence as a habitual offender are set aside; and the matter is remanded to the trial court for *1302 resentencing after another habitual offender hearing.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.