BOWES, Judge.
The defendant, Richard Robinson, was charged by bill of information with possession of cocaine in violation of La.R.S. 40:967(C). The defendant entered a plea of not guilty. Following a denial of a motion to suppress evidence, the defendant proceeded to trial. Following the trial, the jury returned with a verdict of guilty as charged. After denying the defendant’s motion for post-verdict judgment of acquittal and motion for new trial, the trial court sentenced the defendant to four years at hard labor with credit for time served.
Subsequently, the state filed a multiple offender bill of information seeking enhanced sentencing of the defendant as a fourth felony offender andjjthe defendant entered a plea of not guilty to the multiple bill. During the hearing, the defendant stipulated that he was the same person who had the convictions listed on the multiple bill.
At the conclusion of the multiple bill hearing, the trial court adjudicated the defendant a fourth felony offender, vacated the previous sentence and resentenced the defendant to 20 years at hard labor with credit for time served. Thereafter, the defendant filed a motion to reconsider sentence which the trial court subsequently denied, and defendant presently appeals his adjudication as a fourth felony offender.
Specifically, the defendant argues that the state failed to prove the cleansing period, set out in La.R.S. 15:529.1, did not elapse following his discharge from his first predicate offense, a conviction in Mississippi.
The present case was originally scheduled for oral argument in July, 1994. At that time, this Court noted that proper records of the alleged prior convictions of the defendant were not in the record on appeal and removed the case from the July docket.
The transcript indicates that the prosecutor apparently obtained the date of the defendant’s arrest for the second predicate offense, a conviction of simple burglary in the 24th Judicial District Court, from one of the four exhibits admitted at the multiple offender proceeding. However, when the record was lodged with this Court, it only contained State Exhibit 1, a minute entry from County Court Adams County, Mississippi, and State Exhibit 2, anj£‘FBI Identification Record.” Because State Exhibits 3 and 4 were not in the appellate record, this Court, after noting that proper copies of alleged prior convictions were not in the record, issued an order dated July 26, 1995 removing the matter from the September 1995 docket and requiring the Clerk of Court for the 24th Judicial District Court, the District Attorney for the Parish of Jefferson and the attorney for the defendant to take all steps possible to properly complete the record.
Thereafter, the clerk only supplemented the appellate record with a copy of the commitment in the second predicate offense, a copy of the commitment in the third predicate offense, a conviction of attempted purse snatching in the 24th Judicial District Court, and a copy of the original commitment in the instant case. As the appellate record now stands, it does not contain any evidence of the date of the defendant’s arrest for the second and third predicate offenses. Consequently, the record still does not contain proper evidence of the prior convictions.
As part of our error patent review, we note that the record on appeal does not contain evidence that plaintiff was properly informed *453 of, and waived, his Boykin rights relative to the two prior Jefferson Parish convictions. At the multiple offender proceeding, the state offered Exhibit Nos. 1-4 into evidence and the prosecutor stated the following:
Judge, before Mr. Marino [defense counsel] gets started, I would also point out to the Court that on the Mississippi conviction, Mr. Robinson, having been found guilty, the State is relieved of the Boykin [requirements. Since it wasn’t a plea of guilty, that he [was] found guilty, the State does not have to show that he was Boykin-ized. As to the two Jefferson Parish convictions, I would ask the Court to review the record, in which ease the Court will find a well-executed plea form informing Mr. Robinson of his Boykin rights, as present in both of those cases, well as a minute entry stating that Mr. Robinson was in fact informed by the Court of his Boykin rights and did waive those rights. [Emphasis added.]
The appellate record does not contain the district court records of the earlier convictions referred to hereinabove.
In State v. Shelton, 621 So.2d 769 (La.1993), the Louisiana Supreme Court revised the scheme of allocating burdens of proof regarding a guilty plea to a predicate offense. The court, in Shelton, stated:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant Rand by the State to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. (Footnote omitted)
State v. Shelton, 621 So.2d at 779-780.
Considering the prosecutor’s statement, it appears that the records of the second and third predicate offenses, which included a “well-executed plea form ... in both of those eases,” were admitted at the multiple offender proceeding as State Exhibit Nos. 8 and 4. However, the appellate record contains only copies of the commitments in those predicate offenses. As such, it cannot be determined whether the State met its burden of proof.
Further, it is clear that at the multiple offender proceeding the trial court failed to advise the defendant of his rights prior to the stipulation to his identity in the predicate offenses.
The procedure to be followed at a multiple bill hearing is stated in La.R.S. 15:529.1(D) which, at the time of the defendant’s adjudication, provided in pertinent part:
(1)(a) ... the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction or adjudication of delinquency. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegation are true.
i ¡i» $ ⅜ ‡ ⅜* ⅜ _Ll
(3) When the judge finds that he has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly *454 cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed ... [Emphasis added].
In State v. Martin, 427 So.2d 1182 (La.1988), the above was interpreted to require that the defendant be advised of his right to a formal hearing and to have the state prove its case. Additionally, it implicitly requires that the defendant be advised of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983), appeal after remand, 457 So.2d 1251 (La.App. 1 Cir.1984), appeal after remand, 471 So.2d 1041 (La.App. 1 Cir.1985). Failure to so advise a defendant is reversible error. State v. Harris, 612 So.2d 280 (La.App. 5 Cir.1992).
While the failure to so advise a defendant is not always fatal in a case in which the state presents other evidence to prove the predicate convictions (e.g. State v. Breaux, 599 So.2d 917 (La.App. 4 Cir.1992), in the present matter we are unable to review the evidence submitted by the state and considered by the trial court. Therefore, we are unable to conclude that such failure was harmless error.
RThe defendant is entitled to judicial review based upon a complete record of all evidence upon which the judgment is based and, since the incomplete record does not establish that defendant was proven to be a fourth felony offender, despite the orders and requests of this Court.
Accordingly, we have no alternative but to vacate, annul and set aside the habitual offender adjudication and remand the matter for another hearing. State v. Palrean, 395 So.2d 687 (La.1981); State v. Jones, 536 So.2d 1301 (La.App. 1 Cir.1988).
Accordingly, the original conviction for possession of cocaine in violation of La.R.S. 40:967(C) is affirmed. The adjudication and sentence as a habitual offender is annulled and set aside and the matter is remanded to the trial court for another habitual offender hearing and resentencing, if appropriate.
ORIGINAL CONVICTION AFFIRMED; HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED AND SET ASIDE; AND CASE REMANDED.