730 So.2d 1020 (1999)
STATE of Louisiana
v.
Rayvell FINCH.
No. 97-KA-2060.
Court of Appeal of Louisiana, Fourth Circuit.
February 24, 1999.
Rehearing Denied March 31, 1999.
*1022 Harry F. Connick, District Attorney, Charles E.F. Heuer, Assistant District Attorney, New Orleans, Louisiana, Counsel for State of Louisiana-Plaintiff-Appellee.
Richard J. Gallot, Jr., William R. Campbell, Jr., Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant-Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES III, and Judge CHARLES R. JONES.
BYRNES, Judge.

STATEMENT OF THE CASE
A jury found the defendant, Rayvell Finch, guilty as charged with possession of heroin, a violation of La. R.S. 40:966(A)(1). Defendant was adjudicated as a third-felony habitual offender on July 30, 1997, and sentenced that date to life imprisonment without benefit of parole, probation or suspension of sentence. Defendant filed an oral motion to reconsider the sentence, which was denied by the trial court. Defendant subsequently filed an oral motion for appeal. We affirm the conviction and sentence.

FACTS
Special Agent Dave Millen, with the U.S. Department of Alcohol, Tobacco and Firearms, testified that on February 13, 1997, he, Bernard Harry, a Drug Enforcement Administration agent, Brian Mumford, a Deputy U.S. Marshall, and New Orleans Police Officer Kevin Stamp, were patrolling in two vehicles as part of Operation Safe Home Task Force, targeting violent crime in the city of New Orleans. At approximately 7:30 p.m., Officer Stamp and Agent Harry stopped their vehicle at the corner of Clara and First Streets in New Orleans, and approached two individuals standing on the corner. Defendant and another individual were sitting nearby on the steps of an abandoned residence marked with "No Trespassing" signs. When questioned by police, defendant stated that he was visiting his aunt, who lived in the residence next door. No one answered the door at the aunt's residence. Defendant then stated that his uncle lived in the other half of the residence. Police knocked on the door of that residence, but the male who answered the door indicated that he had never seen defendant before. Police then arrested defendant and the individual who had been sitting on the steps with him for trespassing. Agent Millen searched defendant incidental to the arrest and discovered a plastic bag in his sock containing eight aluminum foil packets later determined to contain heroin. Sixty dollars in currency were also found on defendant's person.
Officer Kevin Stamp testified that police had made numerous narcotics arrests at the corner of Clara and First Streets. He testified that a plastic bag containing eight packets of heroin and sixty dollars in currency was recovered from defendant, and stated that he recorded this evidence in the police property room.
*1023 Teresia Lamb, a criminalist with the New Orleans Police Department Crime Lab, testified that she tested the substances in four of the eight foil packets, which substances tested positive for the presence of heroin.
Linda Jones, defendant's mother, testified for the defense. Ms. Jones viewed a photograph which depicted both the abandoned residence where defendant was sitting and a double residence next door to it. She said defendant's grandmother lived on one side of the double, and his aunt and uncle lived on the other side.

ERRORS PATENT
A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error defendant claims that the record is so incomplete as to render it useless for effective appellate review.
Defendant pointed out in his brief on appeal that the only transcript contained in the record was of the habitual offender/sentencing hearing. Defendant also complains that the record is lacking any defense motions for discovery, any motion for post-verdict judgment of acquittal, motion for new trial, or motion to quash habitual offender bill. Defendant submits that he cannot determine whether the record is incomplete, or whether trial counsel failed to file such motions. However, the record since has been supplemented with both a transcript of the trial proceedings and a transcript of the opening and closing arguments, and new counsel filed a supplemental brief after reviewing the transcript.
We note that the failure to file the discovery and other motions which the defendant claims are absent from the record might raise the issue of ineffectiveness of counsel. Should the defendant feel that there is merit to this issue it may be raised in an application for post conviction relief, filed in the trial court, where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990). Therefore, the possible absence from the record of matters not normally properly raised by appeal will not render the record useless for appellate review, especially where a preferred alternative procedure for review is available in the form of an application for post conviction relief.
There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant claims that the trial court failed to comply with the requirements of La. R.S. 15:529.1(D)(1)(a).
La. R.S. 15:529.1(D)(1)(a) provides:
If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of Subsection A of this Section, or has been convicted under the laws of any other state, or of the United States, or of any foreign government or country, of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction or adjudication of delinquency. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file particular objections to the information, as provided in Subparagraph (b). The judge shall fix a *1024 day to inquire whether the offender has been convicted of a prior felony or felonies, of adjudicated a delinquent for an offense or offenses specified above as set forth in the information.
Defendant claims the record does not show that he was brought before the court and informed of the allegations of the habitual offender bill of information and of his right to trial on the charges, or that he was ever afforded fifteen days in which to file particular objections. Defendant claims these lapses constitute reversible error. Defendant cites State v. Robinson, 95-358 (La.App. 5 Cir. 11/15/95), 665 So.2d 451, for the proposition that the failure to advise a defendant of his right to a formal hearing, his right to have the State prove its case, and his right to remain silent, constitutes reversible error.
Defendant's reliance on Robinson for this proposition is misplaced. In Robinson, the defendant admitted that he was the same person who had been convicted of the offense as stated in the habitual offender bill. The court had not advised the defendant prior to such admission of his Boykin rightshis right to a formal hearing, his right to have the State prove its case, or his right to remain silent. The record on appeal was incomplete, and did not contain guilty plea forms purportedly executed by the defendant in the prior felonies. The court found that, although the failure to advise the defendant of his rights was not always fatal in a case in which the State produces "other evidence" to prove the predicate convictions, because the record did not contain such evidence, the court reversed the adjudication. The defendant's admission without more was insufficient to sustain the adjudication in Robinson where the defendant had not been advised of his rights, and the record did not contain "other sufficient" evidence to support the defendant's adjudication as a fourth-felony habitual offender.
In the instant case, defendant did not admit to his identity as the same individual who was convicted of the prior felonies listed in the habitual offender bill. A full hearing on the habitual offender bill was held at which the defendant's attorney vigorously opposed the multiple billing. Pursuant to that hearing, the record contains sufficient "other evidence" to prove the predicate convictions, enabling us to distinguish the instant case from Robinson, supra, where the court noted that there was no such "other evidence." Therefore, the failure to advise defendant of his rights did not prejudice defendant. State v. Breaux, 599 So.2d 917 (La. App. 4 Cir.1992). Accordingly, there was no reversible error in the trial court's failure to advise defendant of his Boykin rights. See La.C.Cr.P. art. 921.
The defendant also complains that the trial court also did not inform defendant of the charges contain in the multiple bill, and allow him fifteen days in which to file particular objections to the bill. La. R.S. 15:529.1(D)(1)(b) provides:
Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States, shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
It is unclear on what date the habitual offender bill of information was actually filed. The record contains only the face of the bill, not a copy of the cover, where the date filed would be noted. The trial transcript shows that the State informed the court in the presence of defendant and his counsel on July 10, 1997, the day of trial and conviction, that it intended to file the multiple bill. The *1025 minute entry of July 10, 1997 reflects that the State informed the court it would file the bill. The docket master notation from July 10, 1997 reflects that the bill was filed that date. Trial counsel represented defendant at sentencing. On July 25, 1997, the date set for the habitual offender hearing and sentencing, the case was continued. The habitual offender hearing was held on July 30, 1997. At that hearing defense counsel stated that, as to one of the prior convictions, she "believed" that the guilty plea was taken without defendant being advised of his right to counsel to represent him at trial, counsel of his choice if he could afford it, or a free attorney if he could not. Counsel did not raise the issue of whether defendant received inadequate notice of the habitual offender bill, or whether he had insufficient time in which to file a written objection. The trial court did not reject trial counsel's argument on the ground that no written objection had been filed. Rather, the court simply found that the evidence established the prior convictions.
Defense counsel's objection that defendant had not been advised that he had the right to counsel to represent him at trial, to counsel of his choice if he could afford it, or to a free attorney if he could not, prior to pleading guilty to one of the prior felonies, does not undermine the previous conviction. The constitutional rights a defendant absolutely needs to be informed of prior to pleading guilty are those enunciated in Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969)the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. State v. Shelton, 621 So.2d 769, 780 (La.1993); State v. Wheeler, 93-1385, p. 3 (La.App. 4 Cir. 10/13/94), 644 So.2d 1089, 1092. The record in the instant case contains guilty plea forms, and a minute entry from one of the guilty pleas, showing that defendant was represented by counsel at the prior guilty pleas and waived his Boykin rights before pleading guilty to both of the prior felonies. That is sufficient proof to establish that the prior guilty pleas were informed and voluntary and made with an articulated waiver of defendant's Boykin rights. Id.
The record in the instant case establishes that defendant's counsel knew at least twenty days prior to the date of the habitual offender hearing that the State intended to file a habitual offender bill; that counsel made no valid objection at the habitual offender hearing to any evidence concerning the prior guilty pleas; and the record establishes that the evidence was sufficient for the State to meet its burden of proof at the habitual offender hearing. Therefore, defendant suffered no prejudice as a result of the trial court's failure to bring him before the court, advise him of the allegations in the habitual offender bill, and give him fifteen days within which to file particular objections to either of the prior convictions. Accordingly, there was no reversible error in the trial court's actions or inactions. See La.C.Cr.P. art. 921.
While it is preferable that the trial court adhere to the simple procedural requirements of La. R.S. 15:529.1(D)(1), any such procedural error in the instant case is harmless beyond a reasonable doubt, and defendant's adjudication as a third-felony habitual offender was surely unattributable to any such error. See State v. Vale, 96-2953, 97-0158, p. 2 (La.9/19/97), 699 So.2d 876, 877.

SUPPLEMENTAL ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant argues that the trial court erred in denying his motion for mistrial after a police officer allegedly referred to evidence of other crimes committed by defendant.
Officer Kevin Stamp was asked by the State to identify some currency seized from defendant and he stated:
A. This would be the currency that was on this person, that I also placed on the books as evidence, packaged consistent with the sale of the narcotics.
At that point defense counsel objected, and moved for a mistrial, which motion was denied by the trial court.
When a witness refers directly or indirectly to another crime committed or alleged to have been committed by the defendant, *1026 as to which evidence is not admissible, the defendant's remedy is a request for an admonition or a mistrial pursuant to La. C.Cr.P. art. 771. The remark or comment must constitute an unambiguous reference to other crimes. State v. Lewis, 95-0769, p. 7 (La.App. 4 Cir. 1/10/97), 687 So.2d 1056, 1060, writ denied, 97-0328 (La.6/30/97), 696 So.2d 1004. On request, the trial court shall admonish the jury to disregard such remark or comment. La.C.Cr.P. art. 771. Upon motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant of a fair trial. Id. The granting of a mistrial under La.C.Cr.P. art. 771 is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. State v. Smith, 418 So.2d 515, 522 (La.1982); State v. Allen, 94-1895, p. 9 (La.App. 4 Cir. 9/15/95), 661 So.2d 1078, 1085, writs denied, 95-2557, 95-2475, (La.2/2/96), 666 So.2d 1087. Mistrial is a drastic remedy which is only authorized where substantial prejudice will otherwise result to the defendant. Id. The determination of whether prejudice has resulted lies within the sound discretion of the trial court. State v. Banks, 96-2227, p. 2 (La.4/18/97), 692 So.2d 1051, 1053. A trial court's ruling on whether or not to grant a mistrial because of comment by a police officer referring to other crimes evidence should not be disturbed absent a clear abuse of discretion. State v. Nicholson, 96-2110, p. 13 (La.App. 4 Cir. 11/26/97), 703 So.2d 173, 180, writ denied, 98-0014 (La.5/1/98), ___ So.2d ___, 1998 WL 234690; State v. Manuel, 94-0087, 94-0088, p. 4 (La.App. 4 Cir. 11/30/94), 646 So.2d 489, 491. "Errors are harmless unless the reviewing court is thoroughly convinced that the remarks inflamed the jury and contributed to the verdict." State v. Nicholson, supra, citing State v. Byrne, 483 So.2d 564 (La.1986), cert. denied, Byrne v. Louisiana, 479 U.S. 871, 107 S.Ct. 243, 93 L.Ed.2d 168 (1986).
Defendant was not charged with the sale of narcotics, and no evidence of such a crime by defendant was admissible under the Louisiana Code of Evidence. However, the officer made a very oblique reference to the crime of sale of narcotics through a casual reference to the way in which the sixty dollars in currency were packaged. It was an ambiguous reference to the crime insofar as defendant was concerned. The jury knew defendant was not charged with selling heroin. There is no indication that this indirect comment made it impossible for defendant to have obtained a fair trial. Therefore, it cannot be said that the trial court clearly abused its discretion in denying defendant's motion for a mistrial. Moreover, even assuming the trial court erred in denying the motion for mistrial, considering the overwhelming evidence in this straightforward case, such error was harmless.
There is no merit to this assignment of error.

SUPPLEMENTAL ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant claims his sentence is constitutionally excessive.
Defendant was sentenced to be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. This was the minimum, and only, statutory permissible sentence under La. R.S. 15:529(A)(2)(b)(ii), which provides:
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
* * *
(ii) If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Even though a sentence under the Habitual Offender Law is the minimum provided by that statute, the sentence may *1027 still be unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677; State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). However, the entire Habitual Offender Law has been held constitutional, and, thus, the minimum sentences it imposes upon habitual offenders are also presumed to be constitutional. Johnson, 97-1906 at pp. 5-6, 709 So.2d at 675; see also State v. Young, 94-1636, p. 5 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 527, writ denied, (La.3/22/96), 669 So.2d 1223. There must be substantial evidence to rebut the presumption of constitutionality. State v. Francis, 96-2389, p. 7 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461. A defendant must clearly and convincingly show that the mandatory minimum sentence under the Habitual Offender Law is unconstitutionally excessive. Johnson, 97-1906 at p. 11, 709 So.2d at 678.
In the instant case, defendant was twenty-three years old at the time he was sentenced. He pleaded guilty in April 1993 to possession with intent to distribute twenty-four rocks of cocaine, and was sentenced to five years at hard labor, with credit for time served and the balance of his sentence suspended. Approximately two months later, in June 1993, defendant was arrested for possession of a $20,000.00 GMC "Jimmy" sport-utility vehicle stolen from an automobile dealership in Metairie. He pleaded guilty in February 1994 to possession of stolen property valued at over $500.00. His parole was revoked, and he was sentenced as a second-felony habitual offender to five years in the Department of Corrections. He was arrested for the instant offense three years later, in February 1997. The record contains no evidence of any arrests or convictions besides these two and the instant offense.
La. R.S. 15:529.1(A)(2)(b)(ii) provides that a third-felony habitual offender shall be sentenced to life imprisonment if any one of the three felonies is a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years, or any other crime punishable by imprisonment for more than twelve years. In the instant case, one of the prior felonies and the present felony are both violations of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years. In addition, those two felonies are both punishable by imprisonment for more than twelve years. The trial court simply stated that defendant "qualifies," indicating that defendant qualified as a third-felony offender under La. R.S. 15:529.1(A)(2)(b)(ii).
While there is no indication that the defendant is a violent person, it should be noted that a violent crime is not a requirement for mandatory sentencing to life imprisonment under La. R.S. 15:529.1(A)(2)(b)(ii). Therefore, the lack of a violent criminal history cannot be considered sufficient to rebut the presumption that the sentence is unconstitutionally excessive. In both drug arrests, defendant was found in possession of a quantity of illicit drugs. He admitted in 1993 that he possessed crack cocaine with the intent to distribute. In the instant case, there was no evidence that defendant was a drug addict so as to explain his possession of the eight packets of heroin. Although charged and convicted of possession of heroin, defendant was found sitting on the steps of an abandoned residence, at a location known for drug trafficking, with eight packets of heroin on his person. That evidence speaks for itself.
Defendant has failed to present substantial evidence to clearly and convincingly show that the mandatory minimum sentence imposed on him is constitutionally excessive. We decline to extend State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013. Unlike in Burns, in the instant case there was no evidence that the defendant was driven by his addiction to sell drugs to support his habit. This case may also be distinguished from Burns by the total absence from the record of any testimony suggesting that the defendant might possess any redeeming virtues. Where a minimum sentence does not transcend constitutional limits, it may not be reformed by this Court merely because it seems harsh. This Court *1028 does not have the authority to second guess the legislature concerning the wisdom of minimum sentencing on any ground other than that of constitutional excessiveness.
This assignment of error has no merit.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
JONES, J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS.
JONES, J., CONCURRING IN PART AND DISSENTING IN PART WITH REASONS.
It is pure fiction by the majority in trying to distinguish this case from the decision of our Court in State vs. Burns, 97-1553 (La. App. 4 Cir. 11/10/98), 723 So.2d 1013. This case fits squarely within the four corners of Burns. However, I guess if we try hard enough we are able to distinguish almost anything.
Like the defendant in Burns, we have before us a 23-year-old defendant who we will send to the penitentiary for the rest of his life. Further, while he did have 8 packets of heroin, no one suggests he is a distributor of drugs.
Further, the arrest of this defendant is more than suspect. As alleged, defendant was sitting on a step where the house had a "no trespassing" sign visible "someplace." (The record is completely silent as to how visible this sign was). He was not issued a summons for this questionable municipal violation, because to do so would not allow arresting officers to empty his pockets. Thus, this arrest follows and the drugs discovered. The question for another day is whether appeal counsel is ineffective for not raising the issue of the trial court's denial of the Motion to Suppress Evidence.
However, as to what is before us, the excessive sentence imposed in this case, it is best that I simply quote Burns:
A sentence may be reviewed for constitutional excessiveness even though it is within statutory guidelines. State vs. Cann, 471 So.2d 701, 703 (La.1985). In reviewing a sentence for excessiveness, the appellate court must first determine whether the trial court complied with La.C.Cr.P. art. 894.1 when it imposed the sentence and then determine whether the sentence is too severe given the circumstances of the case and the defendant's background. State v. Labato[Lobato], 603 So.2d 739, 751 (La.1992). If the sentence needlessly imposes pain and suffering and is grossly out of proportion to the gravity of the offense so as to shock our sense of justice, then it may be determined to be unconstitutionally excessive as violative of La. Const. Art. 1, Sec. 20 (1974). Id. However, a sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. Id. The articulation of the factual basis for a sentence is the goal of LSA C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA C.Cr.P. art. 894.1. Id.
* * *
Whenever a defendant is faced with a mandatory life sentence as a multiple offender, heightened scrutiny is triggered when determining if defendant falls within those "rare" circumstances where a downward departure is warranted. See generally, State v. Hayes, 97-1526 (La.App. 1 Cir. 5/15/98), 712 So.2d 1019, 1922[1022] (wherein the court found that the failure to object to a life sentence constituted an egregious case of ineffective assistance of counsel, warranting the sentence to be vacated).
The record clearly indicates that the trial court made no attempt to see whether a life sentence was excessive in this case. The court merely said, in imposing sentence:
I find the defendant to be a triple offender and this is his third conviction within the time line as mandated by 15:529.1 in paragraph A, subsection 1, subsection A2 says that if the third felony or either of the two *1029 prior felonies be a crime of violence under Revised Statue 14:2 paragraph 13 or as a violation of the the Uniformed Controlled Dangerous Substances Law punishable by imprisonment for more than five years then the person shall be imprisoned for the remainder of his natural life. I fell that this defendant qualifies and his sentence is mandated that he be sentenced to serve life imprisonment without the benefit of probation, parole or suspension of sentence.
BY MS. DAPONTE:
Your Honor, please not our objection.
When imposing a life sentence upon a defendant as a multiple offender who is 23 years pld, whose two predicate offenses occurred within months of each other, and when the second offense was possession of stolen property valued in excess of $500, a sentence of life imprisonment is clearly excessive, and designed to cause needless suffering. For these reasons, I would affirm defendant's conviction; however, I would vacate his sentence and remand for resentencing in light of Burns.