11 LOVE, Judge.
This appeal concerns a multiple bill adjudication and sentencing only. Lanford Payne was convicted of two counts of armed robbery and two counts of aggravated assault on April 26, 2000. He was sentenced to serve ten years at hard labor on each of the armed robbery convictions and to serve five years on each of the aggravated assault convictions; all the sentences are to run concurrently. He appealed, and this court affirmed his convictions and sentences. State v. Payne, 2000-2129 (La.App. 4 Cir. 7/25/01), 794 So.2d 79.
A multiple bill hearing was held on November 9, 2000, at which the state presented evidence of the defendant’s prior offense. On January 12, 2001, Payne was found to be a second offender and sentenced to serve forty-nine and one half years at hard labor without benefit of parole, probation, or suspension of sentence under La. R.S. 15:529.1.
The defendant now makes three assignments of error concerning his adjudication and sentencing as a second offender: (1) the trial court erred in adjudicating the defendant as a second offender; (2) trial counsel rendered ineffective assistance of counsel at sentencing; and (3) the sentence is excessive.
| ^Before addressing the assignments of error, we note an error patent. At sentencing the trial court did not indicate which count of armed robbery was being enhanced, and it appears that the defendant was multiple billed on both of the armed robbery convictions. The Habitual Offender Law, La. R.S. 15:529.1, may be used to enhance only one of the defendant’s convictions when both convictions arise out of the same criminal episode. See State v. Hawthorne, 2000-1258, p. 3 (La.App. 4 Cir. 11/8/00), 772 So.2d 924, 927 (citing State ex rel. Porter v. Butler, 573 So.2d 1106 (La.1991).) Therefore, defendant’s multiple bill sentences must be vacated and the case remanded for resen-tencing.
*619 The defendant’s first assignment of error concerns his adjudication as a second offender. We will consider the merit of this argument because the documentation objected to is part of the record before this court, and he can be lawfully adjudicated and sentenced as a second offender on one of the counts. He contends that the trial court erred in finding him a second offender because the state failed to present sufficient proof of his identity. At the multiple bill hearing on November 9, 2000, Officer Terry Bunch, an expert in identification of fingerprints, examined the evidence submitted by the state and found that the fingerprints on the back of the arrest register when the defendant was arrested in 1989 matched the fingerprints taken that day in court. The defendant concedes that fact, but argues that the state failed to link data on the arrest register to the bill of information and guilty plea form. However, this court has affirmed multiple offender status where fingerprints on the back of an arrest register, rather than on the back of the bill of information, matched those taken in court at the hearing. State v. Bazile, 99-2011, p. 4 (La.App. 4 Cir. 4/26/00), 762 So.2d 106, 109. Furthermore, the state introduced the arrest register, the bill of information, the |3waiver of constitutional rights/plea of guilty form, docket master, minute entry, and transcript of the Boykinization and sentencing on June 15, 1989. We note that the defendant’s name, address, date of birth, case number, and offense on the 1989 arrest register match those on the certified copies of that predicate offense. Moreover, the defendant’s name, birthdate, and social security number are the same on the 1989 documents and on those pertaining to the current offense. Accordingly, we find the trial court did not err in finding the defendant a second offender because the evidence was sufficient to establish the defendant’s identity.
Because the defendant may be adjudicated a multiple offender on only one of the armed robbery counts, we vacate the defendant’s multiple offender adjudications and sentences and remand the case for further proceedings in accordance with the court’s opinion. Based on our findings, Defendant’s remaining assignments of error are rendered moot.
SENTENCE VACATED; REMANDED FOR RESENTENCING.